Hillsborough, }
  Dec., 1900.  {

### HORAN *v.* BYRNES *& a.*

In an action against husband and wife for maintaining an annoying structure in the nature of a fence, a verdict against the latter cannot be sustained when the only evidence of her participation in the acts complained of is a declaration that the fence was to be built higher, and such inferences as might be drawn from the residence and relationship of the parties.

Declarations by one improperly joined as defendant are not admissible against a co-defendant, if not authorized by the latter or made in his presence.

Certain evidence deemed sufficient to warrant a submission of the question whether the sole purpose of the defendant in maintaining a structure in the nature of a fence was to annoy and injure an adjoining owner.

CASE, under sections 28 and 29, chapter 143, of the Public Statutes, for maintaining a structure in the nature of a fence.   Trial by jury and verdict for the plaintiff.

The plaintiff owns a lot on Lake avenue in Manchester, upon which is a four-story tenement block which covers the whole lot. The defendants, James and Ann, his wife, occupy the adjoining premises, which James testified were his.   They have a building at the front and another at the rear of the lot, both close to the plaintiff's line.   Previous to the commencement of this action, they

extended timbers along the division line from one building to the other, and covered the space between, extending from the second floor to the fourth floor of the plaintiff's building, with rough boards. They also erected a similar structure, eight feet high, upon the flat roof of their rear building. This was supported by the corner posts of the building, which extended above the roof. There was no structure then built opposite either the first or fourth story of the plaintiff's block.

After the suit was brought, a roof-like structure was erected over that between the front and rear buildings, and beneath this the defendants were accustomed to hang washings upon clothes-lines running from post to post. They testified that this arrangement was necessary to protect the clothes from the dirt and filth which the plaintiff's tenants on the fourth floor were accustomed to throw out. The plaintiff denied this, but also testified that he had not lived in his block for three years. There was other evidence that these structures were needed to protect the defendants and their property from the trespasses of the plaintiff's tenants, of which trespasses the plaintiff had often been notified before any of the structures complained of were built. There was also evidence from the plaintiff that there was no such occasion for the structures.

There are inside piazzas or areas in the plaintiff's block, from which the trespasses, if any, were committed, and in front of which the structures complained of were erected. The jury had a view of the premises, which disclosed some rubbish between the plaintiff's block and the defendants' structures, and no place from which it could probably have come but the block. But for the defendants' structures, some of this apparently would have fallen upon their premises.

Subject to exception, the plaintiff introduced evidence that on the Sunday before the trial Ann said: "The fence is going higher; we won't leave you a bit of room." The jury were instructed that they were to consider this evidence only as bearing upon the defendants' malice. Ann testified that she did not erect or take any part in causing the erection of the structures complained of; and there was no evidence that she did, except such inferences as might be drawn from the relation of the parties, their residence, and her foregoing declaration.

The defendants' motion for a nonsuit and that a verdict be directed for them were denied, subject to exception. They also moved to set aside the verdict for the following among other reasons: (1) Because there was no evidence upon which the jury could rightfully find that the defendant Ann Byrnes was the owner or occupant of the premises adjoining the plaintiff, or that

she in any way took part in the erection of the structures complained of. (2) Because there was no competent evidence upon which the jury could have found that the defendants, or either of them, erected the structures, or either of them, for the sole purpose of annoying the plaintiff. The motion was denied, subject to exception.

*Sullivan & Broderick*, for the plaintiff.

*Burnham, Brown & Warren*, for the defendants.

BLODGETT, C. J. The only grounds of error insisted upon in the defendants' brief are, first, the denial of their motions for a nonsuit and the direction of a verdict in favor of Ann; second, the admission of her declaration as against James; and, third, that upon the evidence it must be held as matter of law that the sole effect of building the structures complained of was not to annoy and injure the plaintiff.

In respect of the first ground, the jury having been instructed that Ann's declaration, made on the Sunday before the trial, could be considered by them " only as bearing upon the defendants' malice," we think a verdict for her should have been directed, in view of the finding in the reserved case that, aside from that declaration, there was no evidence that she erected or took any part in causing the erection of the structures, except such inferences as might be drawn from the relation of the parties and their residence. Under these circumstances, however rightful the verdict against her may have been in point of fact, there was no evidence upon which it might properly be rendered. In a judicial tribunal, mere guesses and conjectures cannot be substituted for the legal proof which the law requires (*Deschenes* v. *Railroad*, 69 N. H. 285, 290, 291); and beyond this, it is quite elementary that there is no liability of a wife, as such, for her husband's torts.

The second ground is also sustained. Ann having been improperly joined as defendant upon the evidence adduced at the trial, and there being no evidence that James authorized her to make the declaration excepted to, or that it was made in his presence, the declaration was not admissible against him for the purpose for which it was admitted, or for any purpose; nor can its admission be regarded as a harmless error.

The third ground is not sustained. It cannot well be doubted that there was competent evidence (*e. g.*, the structures themselves) tending to show that the sole purpose of James was to annoy and injure the plaintiff; and this being so, it is equally clear that it was the duty of the trial court to receive the evidence and allow it to

be weighed by the jury. If they erred in their estimate of its weight, the error is remediless here. It is the right of a jury to decide as a finality upon the weight of the evidence which they are permitted to consider.

*Judgment for the defendant Ann: verdict against the defendant James set aside.*

PEASLEE, J., did not sit: the others concurred.